NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARACELI VAZQUEZ GARCIA; NOEMI MONTSERRAT REBOLLEDO VAZQUEZ; YERANIA JULISSA REBOLLEDO VAZQUEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-72470 <br><br> Agency Nos.   A208-306-536 <br>A208-306-537 <br>A208-306-585 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 4, 2021
Portland, Oregon

Before:  W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Araceli Vazquez Garcia and her daughters Yerania Julissa Rebolledo Vazquez

and Noemi Montserrat Rebolledo Vazquez (collectively, "petitioners"), citizens of

Mexico, petition for review of a Board of Immigration Appeals (BIA) decision

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

dismissing their appeals of an Immigration Judge (IJ) order denying their claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. To obtain asylum, petitioners must establish that a protected ground was or will be "one central reason" for their past or feared future persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *Parussimova v. Mukasey*, 555 F.3d 734, 741–42 (9th Cir. 2009). To obtain withholding of removal, petitioners must establish that a protected ground is "a reason" for their claimed persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017).

In this case, and assuming without deciding that petitioners' proposed social groups are cognizable, substantial evidence supports the BIA's determination that petitioners did not demonstrate past or well-founded fear of future persecution because of or on account of a protected ground. While the murder of Alfonso Alejandro Rebolledo Vazquez was tragic, Vazquez Garcia conceded she did not know with certainty who killed Alfonso or why he was killed. In addition, Vazquez Garcia did not know who was calling her with vague threats, and the callers never made any demands or provided further reason for the calls. At least some other family members of Alfonso living in Mexico have not received threats.

2

The record thus permitted the BIA to conclude that petitioners had at most demonstrated past or future harm based on generalized violence, which is insufficient to demonstrate past or likely future persecution on account of their membership in proposed social groups. *See, e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) ("Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground."); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (explaining that attacks that are motivated by "theft or random violence" bear no nexus to a protected ground); *Molina-Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002) ("Assuming that Petitioner's family is 'a particular social group' within the meaning of the statute, he has not established that he was persecuted 'on account of' his family membership."). Therefore, the BIA's denial of both asylum and withholding of removal was supported by substantial evidence.

2.      To obtain CAT relief, petitioners must show that government officials or private actors with government acquiescence would more likely than not torture them if they are returned to Mexico. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014); 8 C.F.R. § 1208.16(c)(2). The record does not compel the conclusion that petitioners made this showing. Petitioners have not demonstrated past torture in Mexico, nor does the record require the conclusion that, if they return, petitioners will likely be tortured in Mexico with the participation or acquiescence

3

of the Mexican government. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[G]eneral ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION DENIED.**